# Exhibit "A"

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MICHAEL D. RAISMAN, ESQUIRE
ID# 202776
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff

Filed and Attested by the
Office of Judicial Records
26 JUL 2024 11:58 am
C. SMITH

| | | |
|---|---|---|
| Georgina Nash | : | **COURT OF COMMON PLEAS** |
| 4933 Ogden Street, Philadelphia, PA 19139 | : | **PHILADELPHIA COUNTY** |
| vs. | : | |
| Family Dollar | : | |
| 29 N. 52nd Street, Philadelphia, PA 19139 | : | |
| and | : | |
| Family Dollar Services, LLC | : | TERM, 2024 |
| 10401 Monroe Road, Matthews, NC 28105 | : | |
| and | : | |
| Dollar Tree Stores | : | No. |
| 29 N. 52nd Street, Philadelphia, PA 19139 | : | |
| and | : | |
| Family Dollar Stores of Pennsylvania, Inc. | : | |
| 29 N. 52nd Street, Philadelphia, PA 19139 | : | |
| and | : | |
| 9-37 N 52nd Acquisition LLC | : | CIVIL ACTION - COMPLAINT |
| 4323 Spruce Street, Unit A1, Philadelphia, PA 19104 | : | |
| and | : | |
| John Doe | : | |
| 123 Main St, Anywhere, USA 00000 | : | |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia PA 19107
215-238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Philadelphia, PA 19107
(215)238-6333

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: MICHAEL D. RAISMAN, ESQUIRE
ID# 202776
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff

| | | |
|---|---|---|
| Georgina Nash | : | **COURT OF COMMON PLEAS** |
| 4933 Ogden Street, Philadelphia, PA 19139 | : | **PHILADELPHIA COUNTY** |
| vs. | : | |
| Family Dollar | : | |
| 29 N. 52nd Street, Philadelphia, PA 19139 | : | |
| and | : | |
| Family Dollar Services, LLC | : | TERM, 2024 |
| 10401 Monroe Road, Matthews, NC 28105 | : | |
| and | : | |
| Dollar Tree Stores | : | No. |
| 29 N. 52nd Street, Philadelphia, PA 19139 | : | |
| and | : | |
| Family Dollar Stores of Pennsylvania, Inc. | : | |
| 29 N. 52nd Street, Philadelphia, PA 19139 | : | |
| and | : | |
| 9-37 N 52nd Acquisition LLC | : | CIVIL ACTION - COMPLAINT |
| 4323 Spruce Street, Unit A1, Philadelphia, PA 19104 | : | |
| and | : | |
| John Doe | : | |
| 123 Main St, Anywhere, USA 00000 | : | |

# C O M P L A I N T

**COMES NOW**, Plaintiff, **Georgina Nash,** by and through her counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiff, **Georgina Nash**, is an adult individual, citizen and resident of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address and at all times herein material Plaintiff, **Georgina Nash,** was caused to be struck and injured due to the negligence of Defendants.

2. Defendant, **Family Dollar,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in

the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Georgina Nash,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Family Dollar** located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, including the inside premises, checkout area, shopping area, clothing department, and aisles.

3. Defendant, **Family Dollar Services, LLC,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Georgina Nash,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Family Dollar** located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, including the inside premises, checkout area, shopping area, clothing department, and aisles.

4. Defendant, **Dollar Tree Stores,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Georgina Nash,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Family Dollar** located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, including the inside premises, checkout area, shopping area, clothing department, and aisles.

5. Defendant, **Family Dollar Stores of Pennsylvania, Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Georgina Nash,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Family Dollar** located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, including the inside premises, checkout area, shopping area, clothing department, and aisles.

6. Defendant, **9-37 N 52nd Acquisition LLC,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Georgina Nash,** was caused to be injured, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Family Dollar** located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, including the inside premises, checkout area, shopping area, clothing department, and aisles.

7. Defendant, **John Doe**, is a fictitious individual meant to represent the owner and/or person in charge of maintenance and management of the Family Dollar located at 29 N. 52nd Street, Philadelphia, PA 19139, who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

8. At all times herein material, Defendants were either acting individually and/or on each other's behalf and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/her/its employment and in the furtherance of each of the Defendants' businesses and affairs.

9. At all times herein material and at the location and time described herein, Defendants did own, possess, control and/or maintain dollies and/or carts and/or cart(s) with wheels to move merchandise, hereinafter also referred to as "dollies" and/or "dolly" and /or "cart" and it is further averred that at all times herein material the individual using/pushing the dolly and/or cart that struck the plaintiff was a duly authorized agent, servant, and employee of the defendant(s) acting in the course and scope of his employment with the defendant(s).

10. On or about August 24, 2022, Defendants did individually, jointly and/or severally own, and/or possess, and/or maintain, and/or control certain real property located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, including the inside premises, shopping area, clothing department, aisles, carts, and dollies at the premises commonly known as **Family Dollar**.

11. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the premises, which consisted of a irregularity, defect, dangerous policy that allowed dollies and/or stocking carts to be used by customers/employees in areas not large enough to allow safe passage for its customers, dangerous dollies and/or stocking carts, dollies and/or stocking carts that were dangerous under the circumstances, and/or otherwise hazardous condition (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition by its/their employees, which condition presented an unreasonable risk of harm, a snare, trap, obstruction and impediment to business invitees such as Plaintiff, **Georgina Nash**.

12. On or about August 24, 2022, Plaintiff, **Georgina Nash,** was a shopper and business invitee at Defendants' store/premises located at 29 N. 52nd Street, Philadelphia, PA 19139 when she was struck by a dolly being pushed by defendants employee.

13. At the aforementioned time and location, Plaintiff was lawfully standing in the clothing department, when she was struck by a dolly and/or cart as a result of the carelessness, recklessness and negligence of the Defendants, thereby causing her to sustain serious, painful, permanent injuries and damages.

14. At all times herein material, the Defendants did own and/or possess and/or control and/or manage and/or maintain the Family Dollar, including the aisles, carts, inside premises, and/or clothing areas, located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, and it is averred that as a result of the negligence of the defendants the Plaintiff was caused to be struck, stumble and/or come into contact with the subject dollies and/or stocking carts, causing Plaintiff to sustain serious, painful and permanent injuries which required medical treatment and care.

15. It is believed and therefore averred that each of the Defendants had responsibilities concerning the area where Plaintiff was caused to be injured and/or defendants' employee was/were responsible for pushing/pulling and/or positioning the cart and/or flatbed cart that collided with the plaintiff and/or caused plaintiff to be struck in the back and/or body.

16. On or about August 24, 2022, Plaintiff, **Georgina Nash**, was walking/shopping at Defendants' premises located at and/or near 29 N. 52nd Street, Philadelphia, PA 19139, when she was struck and hit by a dolly and/or cart and/or stocking cart as a result of the carelessness, recklessness and negligence of the Defendants, thereby causing her to sustain serious, painful, permanent injuries and damages.

17. Plaintiff avers that the aforesaid defect or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

18. Plaintiff, **Georgina Nash**, avers that the Defendants knew or in the exercise of reasonable care should have known of the aforesaid dangerous condition, and that the Defendants had a duty to inspect, maintain, and/or otherwise correct and remove the said dangerous condition but had failed to properly do so.

19. At all times herein material and relevant, the situs of the incident and real property where the dangerous condition existed was in the control, supervision, possession, and use by the Defendants, including the subject dollies and/or stocking carts.

20. All of the Defendants had a duty to maintain, fix, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so, which dangerous condition caused Plaintiff, **Georgina Nash**, to be injured.

21. The clothing area requires shoppers to turn their backs to the aisle while finding desired items, thereby preventing them from seeing dollies and/or stocking carts and preventing them from being able to take evasive action.

22. At all times herein material and for a long time prior thereto, Defendants had a store layout that presented an unreasonable risk to business invitees such as Plaintiff and defendants did not have proper policies in place for the use of the dollies and/or carts by its customers and/or employees, which resulted in the subject incident causing plaintiff's injuries.

23. Defendants knew or should have known that they had created a dangerous flow of traffic inside the store by virtue of allowing dollies and/or stocking carts into the area where Plaintiff was at the time or the impact.

24. Defendants created a floor plan that would encourage dollies and/or stocking carts to be driven through the area where Plaintiff was.

25. At all times herein material, Defendants created a dangerous condition by having a floor plan did not leave a lane of travel wide enough for dollies and/or stocking carts to safely navigate around pedestrian shoppers in the area where Plaintiff was thereby causing her to be struck and injured.

26. At all times herein material, there was no barrier, fencing, belt or other obstruction that would prevent dollies and/or stocking carts from operating too close to pedestrian shoppers in the area where Plaintiff was located, and this failure to have a barrier resulted in Plaintiff being struck on the subject date.

27. The dollies and/or stocking carts did not have reasonable and sufficient safety features. It is believed and averred that at the time of the incident, they did not have rubber bumpers, warning sounds or sensors that would cause dollies and/or stocking carts to stop for objects in front of it, including shoppers and business invitees such as Plaintiff.

28. Plaintiff avers that the aforesaid defect and/or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

29. At all times herein material, Defendants allowed employees and/or people to use the dollies and/or stocking carts but did not have any means or method in place for protecting shoppers and business invitees such as Plaintiff, from being struck by said dollies and/or stocking carts.

30. The aforesaid incident was caused solely by the carelessness, recklessness and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

31. Plaintiff, **Georgina Nash**, avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted, of the following:

a) failing to prevent dollies and/or stocking carts from entering the children's clothing areas where plaintiff was shopping and/or aisles;

b) failing to prevent dollies and/or stocking carts from entering the area where shoppers are known to congregate;

c) failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hazardous condition and/or otherwise dangerous condition;

d) creating a dangerous condition in the shopping area and/or children's clothing areas and/or aisles;

e) disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

f) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

g) failing to maintain the store and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to its visitors and business invitees such as Plaintiff lawfully on the premises;

h) failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;

i) failing to properly exercise their/its duty of supervision and control;

j) failing to provide adequate warning signs;

k) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;

l) being otherwise careless, reckless and negligent;

m) failing to exercise due care under the circumstances;

n) failing to provide train employees of the dollies and/or stocking carts;

o) allowing dollies and/or stocking carts in the area where Plaintiff was situated and/or in the aisles and/or children's clothing area;

p) failing to inspect the dollies and/or stocking carts to ascertain whether they were safe for use and failing to use carts with proper safety features;

q) failing to use the required degree of due care for business invitees such as plaintiff;

r) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

s) failing to place barricades and/or barrels and/or barriers to prevent access to pedestrian shoppers in the area where Plaintiff was;

t) failing to properly instruct its agents, servants, workmen, employees, representatives, business associates and/or contractors;

u) failing to properly maintain the premises and failing to properly maintain and/or manage the floors;

v) failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

w) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

x) creating a floor plan that did not allow sufficient room for dollies and/or stocking carts to maneuver around other shoppers;

y) allowing dollies and/or stocking carts to operate in an area where other shoppers would not be able to see them or get out of the way;

z) allowing the dollies and/or stocking carts to be operated at an unsafe speed;

AA) failing to have an automatic stopping mechanism on the scooter so that it could not run into pedestrians;

BB) failing to have a designated exit and/or checkout area for the dollies and/or stocking carts;

CC) failing to have any warning signs;

DD) failing to provide a safe shopping environment for its customers such as Plaintiff, **Georgina Nash**;

EE) failing to properly train their/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

FF) failing to use a different floor plan;

GG) allowing dollies and/or stocking carts access to the line of pedestrian shoppers;

HH) failing to have proper and/or sufficient brakes on the dollies and/or stocking carts;

II) failing to have regularly regimented mechanical inspections of the dollies and/or stocking carts;

JJ) failing to properly supervise her/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

KK) pushing the cart and/or dolly into the plaintiff;

LL) failing to maintain the said inside premises, aisle floors, and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

MM) allowing dollies and/or stocking carts to be operated on the premises that was not safe for the purpose;

NN) failing to provide more space around Plaintiff;

OO) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

PP) failing to hire enough maintenance and/or janitorial staff;

QQ) failing to have enough maintenance and/or janitorial staff on duty on the aforesaid date;

RR) knowing full well that shoppers were being struck with these dollies and/or stocking carts and taking no action whatsoever to prevent it;

SS) knowing that the dollies and/or stocking carts were not safe for use in the store, but allowing them to be used anyway;

TT) failing to make improvements to the real property which would direct the flow of shopper traffic and in particular dollies and/or stocking carts, so as to keep other shoppers safe.

32. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants individually, jointly and/or severally, Plaintiff, **Georgina Nash,** has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, hips, legs, ankles and/or feet, and/or the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured, including but not limited to L5-S1 disc herniation, C3-C4 disc herniation, C4-C5 disc herniation, C5-C6 disc herniation, C6-C7 disc herniation, cervical spasm, cervical sprain and strain, cervical radiculitis, lumbar sprain and strain, lumbosacral radiculitis; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

33. Further, by reason of the injuries sustained by Plaintiff, **Georgina Nash**, she has suffered and will continue to suffer great mental anguish, physical pain, and she has been hindered and prevented from performing and engaging in her usual labor, employment, duties, occupations, household chores, and pleasures thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

34. Furthermore, Plaintiff, **Georgina Nash**, has required various hospital, physician and medical treatment and care, and consequently she has incurred hospital, physicians and medical bills and expenses in and about an effort to cure herself of the aforesaid injuries, and she shall be obliged to continue to obtain hospital and medical treatment and to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

35. As a direct and sole result of the accident, Plaintiff, **Georgina Nash,** has or may hereinafter incur other financial expenses and/or losses, and also loss of services and earnings and other items of damage all to her great and continuing detriment and loss, and a claim for which is hereby also made.

36. As a further result of the instant occurrence, Plaintiff, **Georgina Nash**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT ONE**
**PLAINTIFF vs. FAMILY DOLLAR**

37. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

38. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Georgina Nash,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT TWO**
**PLAINTIFF vs. FAMILY DOLLAR SERVICES, LLC**

39. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

40. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Georgina Nash,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT THREE**
**PLAINTIFF vs. DOLLAR TREE STORES**

41. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

42. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Georgina Nash,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT FOUR**
**PLAINTIFF vs. FAMILY DOLLAR STORES OF PENNSYLVANIA, INC.**

43. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

44. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Georgina Nash,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT FIVE**
**PLAINTIFF vs. 9-37 N 52ND ACQUISITION LLC**

45. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

46. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Georgina Nash,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT SIX**
**PLAINTIFF vs. JOHN DOE**

47. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

48. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Georgina Nash,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Georgina Nash**, claims damages of the Defendants**,** individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

**By:** **/s/** Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorneys for Plaintiff